■ The People of the State of New York, Respondent, v Darryl Allen, Appellant. [710 NYS2d 535] —Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered January 19, 1999, convicting him of reckless endangerment in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The record reveals that the defendant knowingly, voluntarily, and intelligently pleaded guilty (*see, People v Harris,* 61 NY2d 9). We reject the defendant's contention that he was coerced into pleading guilty because the County Court informed him of the maximum possible sentence he could receive if convicted after trial. The County Court acted properly in advising him of the authorized maximum sentence which could have been imposed had he been convicted after trial and the actual sentence to be imposed under the plea agreement (*see, People v Green,* 240 AD2d 513; *People v Jones,* 232 AD2d 505; *People v De Simone,* 112 AD2d 443, 444).

Furthermore, the court providently exercised its discretion in denying the defendant's motion to withdraw his previously-entered plea of guilty (*see,* CPL 220.60 [3]); *People v Ellerbe,* 237 AD2d 299). The defendant's bare assertions that he was driving the vehicle negligently instead of recklessly were flatly refuted by the record of the plea proceeding and did not require vacatur of the plea (*see, People v Hernandez,* 236 AD2d 557; *People v Sider,* 232 AD2d 666; *People v Sears,* 204 AD2d 578; *People v Evans,* 204 AD2d 346).

The defendant's remaining contentions are either unpreserved for appellate review or without merit (*see, People v Ford,* 86 NY2d 397; *People v Leo,* 255 AD2d 458). Ritter, J. P., Sullivan, S. Miller, Luciano and H. Miller, JJ., concur.