■ The People of the State of New York, Respondent, v Leroy Moore, Also Known as Junior, Appellant. [759 NYS2d 903] —Mugglin J. Appeal, by permission, from an order of the County Court of Albany County (Breslin, J.), entered May 16, 2001, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of sodomy in the first degree, without a hearing.

Defendant was convicted upon his plea of guilty of the crime of sodomy in the first degree. While his direct appeal was pending before this Court, defendant made a CPL article 440 motion to vacate the judgment of conviction and set aside the sentence on the ground, among others, that the grand jury failed to call the witnesses he requested. That motion was denied and the judgment of conviction was subsequently affirmed by this Court (132 AD2d 776 [1987], *lv denied* 70 NY2d 802 [1987]). Thereafter, defendant made a second motion pursuant to CPL 440.10 to vacate the judgment of conviction, arguing that the District Attorney violated CPL 190.50 (6) by failing to inform the grand jury of his request to have witnesses called on his behalf and, therefore, the indictment was invalid and County Court did not have subject matter jurisdiction over him. County Court denied the motion and this Court granted defendant permission to appeal.

As asserted by defendant, it does appear from the record at hand that the full minutes of the grand jury proceeding were not previously before this Court on direct appeal and that the District Attorney did not inform the grand jury of defendant's request to call witnesses to testify on his behalf as required by CPL 190.50 (6). Nevertheless, this Court has held that such omission does not " 'activate a question of jurisdiction' or constitute a constitutional defect and, thus, does not survive a guilty plea" (*People v Robertson*, 279 AD2d 711, 713 [2001], *lv denied* 96 NY2d 805 [2001], quoting *People v Hansen*, 95 NY2d 227, 231 [2000]). Inasmuch as defendant pleaded guilty to sodomy in the first degree in full satisfaction of the indictment, we decline to disturb the judgment of conviction on the ground he urges on this appeal.

Mercure, J.P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed.