■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM WOLMART, Appellant. [774 NYS2d 723]—

Appeal by the defendant from a judgment of the County Court, Nassau County (LaPera, J.), rendered November 15, 2002, convicting him of manslaughter in the second degree, operating a motor vehicle while under the influence of alcohol, and vehicular assault in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The County Court denied the defendant's request for an adjournment when one of the two attorneys representing him failed to appear on the scheduled trial date. The case was tried, but while the jury was deliberating, the defendant pleaded guilty. As part of the plea agreement, the defendant waived his right to appeal, including a specific waiver of any claim that he was denied the right to be represented by cocounsel. Prior to sentencing, the defendant moved to vacate his plea, contending that he was denied the right to counsel of his choice and that

his plea was coerced by the court. The court denied his motion and subsequently sentenced him in accordance with the plea agreement.

The defendant waived his right to appeal his claim that he was deprived of his right to counsel of his choice, except to the extent that it may have affected the voluntariness of his plea (*see People v Miller,* 306 AD2d 294 [2003]; *People v Morgan,* 275 AD2d 970 [2000]; *People v Segrue,* 274 AD2d 671 [2000]). The defendant's plea was knowingly, voluntarily, and intelligently entered and was not induced by the denial of his right to counsel or any alleged threats by the court (*see People v Allen,* 273 AD2d 319 [2000]). Consequently, the court properly denied his motion to vacate his plea. Altman, J.P., Smith, H. Miller and Mastro, JJ., concur.