■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTWON JOYNER, Appellant. [796 NYS2d 818]—

Appeal from a judgment of the Supreme Court, Erie County (Ronald H. Tills, A.J.), rendered February 27, 2004. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree and criminal possession of stolen property in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty to a superior court information (SCI), of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]) and criminal possession of stolen property in the fourth degree (§ 165.45 [5]). The waiver by defendant of the right to appeal encompasses his contention that the evidence is legally insufficient to support the SCI because the lab report fails to state the pure weight of the cocaine (*see generally People v Seaberg*, 74 NY2d 1, 7-9 [1989]). In any event, defendant forfeited that contention by pleading guilty (*see People v Hansen*, 95 NY2d 227, 230-233 [2000]; *People v Taylor*, 65 NY2d 1, 5 [1985]). The waiver of the right to appeal also encompasses defendant's contention concerning the severity of the sentence (*see People v Lococo*, 92 NY2d 825, 827 [1998]). The waiver of the right to appeal, however, does not encompass the further contention of defendant that Supreme Court erred in enhancing his sentence without affording him the opportunity to withdraw his plea (*see People v Lighthall*, 6 AD3d 1170 [2004], *lv denied* 3 NY3d 643 [2004]; *People v Baxter*, 302 AD2d 950 [2003], *lv denied* 99 NY2d 652 [2003]). Nevertheless, defendant failed to move to withdraw his plea or to vacate the judgment of conviction, nor did he object to the sentence, and defendant thus failed to preserve that contention for our review (*see People v Greene* [appeal No. 1], 6 AD3d 1155 [2004], *lv denied* 3 NY3d 659 [2004]; *Baxter*, 302 AD2d at 951). In any event, that contention is without merit. The court advised defendant that it would not impose a sentence of probation if defendant failed to comply with the terms of the release supervision program, and the record establishes that defendant failed to attend appointments with the probation department as

required by that program (*see Baxter*, 302 AD2d at 951). The contention of defendant that he was denied effective assistance of counsel is not properly before us on this direct appeal to the extent that it relies upon material outside the record (*see* CPL 440.10 [1] [f]; *People v Williams*, 15 AD3d 863, 864 [2005]). His contention otherwise does not "survive his guilty plea inasmuch as '[t]here is no showing that the plea bargaining process was infected by any alleged ineffective assistance or that defendant entered the plea because of his attorney['s] poor performance'" (*People v Cass*, 1 AD3d 1025, 1025-1026 [2003]; *see People v Ford*, 86 NY2d 397, 404 [1995]). Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Hayes, JJ.