THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD LENO, Appellant. [801 NYS2d 207]—Appeal from a judgment of the Ontario County Court (James R. Harvey, J.), rendered March 8, 2004. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, criminal sale of a controlled substance in the third degree and criminal possession of stolen property in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting

him upon his plea of guilty of, inter alia, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal sale of a controlled substance in the third degree (§ 220.39 [1]). The contention of defendant that he was denied effective assistance of counsel is not reviewable on direct appeal to the extent that it concerns matters outside the record on appeal (*see People v Joyner*, 19 AD3d 1129 [2005]; *see generally* CPL 440.10 [1] [f]). Defendant's contention otherwise does not survive the guilty plea because "[t]here is no showing that the plea bargaining process was infected by any allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance" (*People v Burke*, 256 AD2d 1244, 1244 [1998], *lv denied* 93 NY2d 851 [1999]; *see Joyner*, 19 AD3d at 1130; *People v La Bar*, 16 AD3d 1084, 1085). The sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Scudder, Kehoe, Martoche and Hayes, JJ.