THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKEY LON HOEFT, Appellant. [838 NYS2d 842]—

Appeal from a judgment of the Supreme Court, Erie County

(Ronald H. Tills, A.J.), rendered June 23, 2005. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of grand larceny in the second degree (Penal Law § 155.40 [1]). Defendant was sentenced to an indeterminate term of incarceration of 5 to 15 years and was ordered to pay restitution in the amount of $274,700. We reject the contention of defendant that his waiver of the right to appeal is invalid. "[T]rial courts are not required to engage in any particular litany during an allocution in order to obtain a valid guilty plea in which defendant waives a plethora of rights," including the right to appeal (*People v Moissett*, 76 NY2d 909, 910-911 [1990]; *see People v Kemp*, 94 NY2d 831, 833 [1999]). Upon our review of the plea allocution, we are satisfied that "defendant's waiver of the right to appeal reflects a knowing and voluntary choice" (*People v Callahan*, 80 NY2d 273, 280 [1992]). Supreme Court advised defendant during the plea proceeding of the maximum term of incarceration and the amount of restitution, and thus the waiver of the right to appeal encompasses defendant's challenges to the severity of the sentence of incarceration (*see People v Lococo*, 92 NY2d 825, 827 [1998]), and the amount of restitution ordered (*cf. People v Lovett*, 8 AD3d 1007 [2004], *lv denied* 3 NY3d 677 [2004]). Defendant's challenge to that part of the judgment and restitution order imposing an additional period of incarceration in the event that defendant failed to pay restitution has been rendered moot by a subsequent order vacating that part of the judgment and restitution order pursuant to CPL article 440.

The waiver of the right to appeal also encompasses the contention of defendant in his pro se supplemental brief that his conduct was not criminal (*see People v Joyner*, 19 AD3d 1129 [2005]). In addition, by pleading guilty, defendant forfeited that contention (*see People v Gerber*, 182 AD2d 252, 260 [1992], *lv denied* 80 NY2d 1026 [1992]), as well as his pro se contention that he was denied his right to testify before the grand jury (*see People v Sachs*, 280 AD2d 966 [2001], *lv denied* 96 NY2d 834, 97 NY2d 708 [2001]). The further contentions of defendant in his pro se supplemental brief that the conduct of the District Attorney's office was vindictive and that he was denied effective assistance of counsel are based upon matters outside the record and thus are properly raised in a motion pursuant to CPL 440.10 (*see Joyner*, 19 AD3d at 1130; *see generally People v Mc-*

*Neil,* 244 AD2d 998 [1997], *lv denied* 91 NY2d 928 [1998]). Defendant failed to preserve for our review his pro se contention that he was denied the opportunity to submit a memorandum in opposition to the presentence report (*see People v Perea,* 27 AD3d 960, 961 [2006]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We have examined the remaining contentions in defendant's pro se supplemental brief and conclude that none requires reversal or modification of the judgment. Present—Scudder, P.J., Hurlbutt, Peradotto, Green and Pine, JJ.