■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MOTHERSELL, Appellant. [873 NYS2d 406]—

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered October 27, 2006. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon his guilty plea, of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]), defendant contends that County Court erred in refusing to suppress a plastic bag containing crack cocaine recovered from his person by a police officer pursuant to a search warrant. We reject defendant's contention that the search warrant was insufficiently specific because it permitted the search of "any and all person(s) present" at the apartment designated in the warrant. "[S]earch warrants that direct a search of a particular place . . . 'may also direct a search of any person present thereat or therein' . . . , as long as the search warrant application

establishes probable cause for the search" (*People v Ming*, 35 AD3d 962, 965 [2006], *lv denied* 8 NY3d 883 [2007]). Contrary to defendant's further contention, the warrant application established probable cause to believe that the apartment was being used for the sale of controlled substances and "that anyone present was involved in the ongoing illegal activity" (*People v Neish*, 232 AD2d 744, 746 [1996], *lv denied* 89 NY2d 927 [1996]; *see People v Williams*, 284 AD2d 564, 565 [2001], *lv denied* 96 NY2d 909 [2001]).

The evidence at the suppression hearing supports the court's determination that the officers were justified in conducting a strip search of defendant (*see Williams*, 284 AD2d at 565). In addition, "[d]espite defendant's attempts to characterize this search as a body cavity search, the record fails to support this argument; the bag was visibly sticking out from between [defendant's] buttocks, [and was] not inserted into a body cavity such as defendant's rectum" (*People v Walker*, 27 AD3d 899, 901 [2006], *lv denied* 7 NY3d 764 [2006]). Finally, the contention of defendant that he was denied effective assistance of counsel is not reviewable on direct appeal to the extent that it concerns matters outside the record on appeal (*see People v Joyner*, 19 AD3d 1129 [2005]). Defendant's contention concerning the alleged denial of effective assistance of counsel does not otherwise survive the guilty plea because "[t]here is no showing that the plea bargaining process was infected by any allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance" (*People v Burke*, 256 AD2d 1244 [1998], *lv denied* 93 NY2d 851 [1999]). Present—Smith, J.P., Centra, Fahey, Green and Pine, JJ.