■ The People of the State of New York, Respondent, v Lamon Crumpler, Appellant. [894 NYS2d 303]—

Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, J.), rendered January 16, 2009. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of assault in the second degree (Penal Law § 120.05 [2]). Defendant failed to preserve for our review his contention that his plea was not voluntarily, knowingly and intelligently entered on the ground that he was unaware at the time of the plea that he was thereby forfeiting his right to challenge the sufficiency of the evidence before the grand jury (*see People v Kalteux*, 2 AD3d 967 [2003]; *see generally People v Hansen*, 95 NY2d 227, 233 [2000]). Indeed, by pleading guilty, defendant also forfeited his contention that County Court erred in refusing to dismiss the indictment based upon the prosecutor's alleged failure to introduce exculpatory evidence before the grand jury (*see People v Simmons*, 27 AD3d 786 [2006], *lv denied* 7 NY3d 763 [2006]; *People v Rogers*, 1 AD3d 112 [2003], *lv denied* 1 NY3d 568, 579 [2003]).

Defendant further contends that the integrity of the grand jury proceeding was impaired when he appeared before the grand jury in jail clothing, and thus that the court also erred in refusing to dismiss the indictment on that ground. Although that contention survives the guilty plea (*see People v Gilmore*, 12 AD3d 1155 [2004]), we conclude that it lacks merit. "[T]he prosecutor's cautionary instructions to the grand jurors dispelled any possible prejudice to defendant" (*People v Pennick*, 2 AD3d 1427, 1428 [2003], *lv denied* 1 NY3d 632 [2004]; *see Gilmore*, 12 AD3d at 1155). We note in any event that, after objecting to his appearance before the grand jury in jail clothing, defendant was afforded the opportunity to testify before the grand jury in street clothing but chose not to do so. Finally, the sentence is not unduly harsh or severe. Present—Smith, J.P., Peradotto, Lindley, Green and Gorski, JJ.