■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANNY SARITA, Appellant. [909 NYS2d 442]—

Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered August 25, 2009, convicting defendant, after a jury trial, of gang assault in the second degree, and sentencing him to a term of four years, unanimously affirmed.

Defendant did not preserve his challenges to the legal sufficiency of the evidence and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. We further find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's determinations concerning credibility. The evidence established that defendant cut the victim's face with a sharp object. The fact that the jury acquitted defendant of another charge does not warrant a different conclusion (*see People v Rayam*, 94 NY2d 557 [2000]).

The court properly instructed the jury with regard to the theory of accomplice liability in connection with the gang assault charge, since the People were not required to specify in the indictment whether defendant was being charged as a principal, an accomplice, or both (*see People v Rivera*, 84 NY2d 766 [1995]). Indeed, in the opening statements the People put forth all three theories of liability. Defendant did not preserve his claims of surprise and improper amendment of the indictment, or any constitutional claim, and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits.

The court properly exercised its discretion in denying defendant's mistrial motion based on a claimed impropriety in the prosecutor's summation, since, even assuming the prosecutor's remark was improper, the court's prompt curative actions were sufficient to prevent any prejudice (*see People v Santiago*, 52 NY2d 865 [1981]). Defendant's remaining summation claims are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). Concur—Tom, J.P., Saxe, Catterson, Renwick and DeGrasse, JJ.