# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**369**

**KA 09-00403**

PRESENT: CENTRA, J.P., FAHEY, CARNI, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

RICHARD J. WASHINGTON, III, DEFENDANT-APPELLANT.

---

FRANK J. NEBUSH, JR., PUBLIC DEFENDER, UTICA (MARK C. CURLEY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered December 13, 2006. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Oneida County Court for further proceedings in accordance with the following Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of murder in the second degree (Penal Law § 125.25 [1]). Before pleading guilty, defendant moved to dismiss the indictment on the ground that the integrity of the grand jury proceedings was impaired and defendant was "possibly prejudiced" because the individual listed as the foreperson of the grand jury was in fact the father or other close relative of defendant's former girlfriend, and both the former girlfriend and defendant were previously parties to an order of protection. We agree with defendant that County Court erred in denying the motion without first conducting a hearing. We note at the outset that, contrary to the People's contention, the challenge by defendant "is to the integrity of the grand jury proceeding . . ., and such a challenge survives defendant's guilty plea" (*People v Gilmore*, 12 AD3d 1155, 1155-1156; *see generally People v Hansen*, 95 NY2d 227, 230-231; *People v Crumpler*, 70 AD3d 1396, 1397, *lv denied* 14 NY3d 839).

With respect to the merits of defendant's contention, CPL 210.45 (5) provides that a court may deny a motion to dismiss the indictment pursuant to CPL 210.20 without conducting a hearing if "(a) [t]he moving papers do not allege any ground constituting legal basis for the motion . . .; or (b) [t]he motion is based upon the existence or occurrence of facts, and the moving papers do not contain sworn allegations supporting all the essential facts; or (c) [a]n allegation of fact essential to support the motion is conclusively refuted by

unquestionable documentary proof." If the court does not deny the motion pursuant to CPL 210.45 (5), it must either grant the motion without conducting a hearing under circumstances specified in CPL 210.45 (4), or "it must conduct a hearing and make findings of fact essential to the determination thereof" (CPL 210.45 [6]). Here, as noted, the moving papers contained allegations that the integrity of the grand jury proceedings was impaired and defendant was "possibly prejudiced" based on the fact that the foreperson allegedly was the father or other close relative of defendant's former girlfriend and the fact that defendant and his former girlfriend were parties to an order of protection that had been issued. Allegations that a specified grand juror was "incapable of performing his [or her] duties because of bias or prejudice" provide a legal basis for a motion to dismiss the indictment (CPL 190.20 [2] [b]; *see People v Connolly*, 63 AD3d 1703, 1705; *People v Revette*, 48 AD3d 886, 886-887). Moreover, the moving papers contained the requisite sworn allegations of the essential facts asserted in support of the motion (*see* CPL 210.45 [5] [b]), and the People did not conclusively refute defendant's allegations with "unquestionable documentary proof" (CPL 210.45 [5] [c]). We therefore hold the case, reserve decision, and remit the matter to County Court to conduct a hearing on defendant's motion (*see* CPL 210.45 [6]; *see generally People v White*, 72 AD2d 913, 914).

Entered:  March 25, 2011                          Patricia L. Morgan
                                                  Clerk of the Court