# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1283

KA 11-00014

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

CHARLES WILLIAMS, ALSO KNOWN AS CASH,
DEFENDANT-APPELLANT.

---

CHARLES A. MARANGOLA, MORAVIA, FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered November 18, 2010. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of two counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), defendant contends that the indictment should be dismissed because he appeared before the grand jury in shackles and handcuffs. Although that contention survives the guilty plea (*see People v Crumpler*, 70 AD3d 1396, *lv denied* 14 NY3d 839; *People v Gilmore*, 12 AD3d 1155, 1155-1156), it "is not preserved for our review because defendant did not object to appearing before the grand jury in that manner or request cautionary instructions with respect to that appearance" (*People v Abron*, 37 AD3d 1163, *lv denied* 8 NY3d 980; *see People v Robinson*, 49 AD3d 1269, 1270, *lv denied* 10 NY3d 869; *see generally People v Johnston*, 43 AD3d 1273, 1274, *lv denied* 9 NY3d 1007). Further, defendant abandoned that contention by pleading guilty before County Court decided that part of his motion seeking to dismiss the indictment on the ground that he appeared before the grand jury in shackles and handcuffs (*see People v Barker* [appeal No. 1], 254 AD2d 730, *lv denied* 93 NY2d 870; *see generally People v Fortin*, 289 AD2d 590, 591, *lv denied* 97 NY2d 754). By pleading guilty, defendant forfeited his further contention that he was denied his right to testify before the grand jury based on the prosecutor's refusal to provide him with notice of all charges the grand jury would consider (*see People v Gray*, 62 AD3d 1256; *People v Hoeft*, 42 AD3d 968, 969, *lv denied* 9 NY3d 962; *People v Winchester*, 38 AD3d 1336, 1337, *lv denied*

9 NY3d 853).  In any event, that contention is without merit.