# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**261**
**KA 11-01661**
PRESENT: SMITH, J.P., FAHEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

DALE R. RIGBY, DEFENDANT-APPELLANT.

---

TIMOTHY J. BRENNAN, AUBURN, FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------

Appeal from a judgment of the Cayuga County Court (Patricia D. Marks, J.), rendered April 6, 2010. The judgment convicted defendant, upon his plea of guilty, of reckless endangerment in the first degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a plea of guilty of two counts of reckless endangerment in the first degree (Penal Law § 120.25), defendant contends that the indictment must be dismissed because the prosecutor failed to inform the grand jury of defendant's request to call a witness to the incident giving rise to the charges. We note at the outset that defendant's contention concerns the integrity of the grand jury proceeding (*see generally People v Hill*, 5 NY3d 772, 773), and it therefore survives defendant's guilty plea (*see People v Gilmore*, 12 AD3d 1155, 1155-1156). Nevertheless, we conclude that the prosecutor properly informed the grand jury of defendant's request to call a witness (*see* CPL 190.50 [6]; *cf. Hill*, 5 NY3d at 773; *People v Calkins*, 85 AD3d 1676, 1677). The record establishes that defendant requested in writing that the grand jury cause a certain person to be called as a witness, and the prosecutor read defendant's request verbatim to the grand jury and afforded the grand jury the opportunity to determine whether it wanted to hear testimony from that person. By pleading guilty, defendant forfeited his further contention that the indictment should be dismissed because the prosecutor failed to introduce exculpatory evidence before the grand jury (*see People v Crumpler*, 70 AD3d 1396, 1397, *lv denied* 14 NY3d 839). Finally, the sentence is not unduly harsh or severe.

Entered: April 26, 2013                      Frances E. Cafarell
                                             Clerk of the Court