# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**874**

**KA 12-00279**

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

PATRICK J. ETTLEMAN, DEFENDANT-APPELLANT.

---

LIPSITZ GREEN SCIME CAMBRIA, LLP, BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered January 12, 2012. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of robbery in the second degree (Penal Law § 160.10 [1]), defendant contends that he was denied a fair trial based on prosecutorial misconduct. Specifically, defendant contends that the prosecutor made several comments during the trial regarding accomplice liability, whereas the indictment charged defendant only as a principal. Because defendant did not object to any of the comments, his contention concerning them is unpreserved for our review (*see* CPL 470.05 [2]). In any event, we perceive no ground for reversal based on those comments. "It is well established that liability as a principal or an accomplice is not an element of the crime charged and that the People may charge defendant as a principal but establish his guilt as an accomplice" (*People v Coble*, 94 AD3d 1520, 1521, *lv denied* 19 NY3d 995 [internal quotation marks omitted]; *see People v Sarita*, 77 AD3d 555, 556, *lv denied* 16 NY3d 800). Moreover, "there is no legal distinction between liability as a principal or criminal culpability as an accomplice" (*People v Rivera*, 84 NY2d 766, 769; *see People v Staples*, 19 AD3d 1096, 1097, *lv denied* 5 NY3d 810).

Here, the prosecutor stated prior to trial that he might pursue a theory of accomplice liability, and his comments during the trial reflected that possibility. In response to the prosecutor's pretrial comment, County Court properly stated that it would wait to see how the proof "play[ed] out" before deciding whether to instruct the jury on accomplice liability. The court ultimately did not charge that

theory to the jury.  Instead, the court, in accordance with the indictment, instructed the jury that, in order to find defendant guilty of robbery in the second degree under Penal Law § 160.10 (1), the People must prove beyond a reasonable doubt that defendant forcibly stole property from another person while "aided by another person actually present."  That instruction was proper, and the jury is presumed to have followed it (*see People v Bibbes*, 98 AD3d 1267, 1269-1270, *lv denied* 20 NY3d 931).

In any event, even assuming, arguendo, that the prosecutor engaged in misconduct by referring to accomplice liability at trial, we conclude that defendant was not prejudiced thereby.  Indeed, the prosecutor's comments regarding accomplice liability "could not have been interpreted by the jury as an instruction on the law, since the prosecutor had previously stated that the Judge would instruct them on the law" (*People v Rosenblitt*, 198 AD2d 382, 383, *lv denied* 82 NY2d 902; *see People v Delphin*, 26 AD3d 343, 343, *lv denied* 6 NY3d 893).

For similar reasons, we reject defendant's further contention that he was deprived of effective assistance of counsel based on defense counsel's failure to object to the prosecutor's allegedly improper comments (*see generally People v Santiago*, 101 AD3d 1715, 1717, *lv denied* 21 NY3d 946).  We conclude that the record, viewed as a whole, demonstrates that defense counsel provided meaningful representation (*see People v Martinez*, 73 AD3d 1432, 1433, *lv denied* 15 NY3d 807; *see generally People v Baldi*, 54 NY2d 137, 147).

Contrary to defendant's contention, we conclude that the evidence is legally sufficient to support the conviction and, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  The victim testified that defendant approached him outside a bar late at night and asked him for directions to the nearest hotel.  Defendant was with his daughter at the time.  When the victim pointed down the street, defendant punched him in the face, knocking him to the ground, whereupon someone reached into his pocket and took his wallet.  Although the victim did not see who took the wallet, defendant and his daughter were the only other people in the vicinity.  The bartender observed the victim on the ground and defendant and his daughter running away.  The bartender gave chase and, upon catching defendant, asked him why he had struck the victim, who was employed at the bar.  In response, defendant claimed that the victim had attempted to hit him.  Defendant then made a movement as if he were going to reach inside his jacket, and the bartender reacted by grabbing him.  While the two men were scuffling, a police officer arrived and, after clarifying what had occurred, arrested defendant.

When questioned by the police, defendant admitted that he struck the victim but denied taking his wallet, which was never recovered.  Although she was not arrested, defendant's daughter was at the police station with defendant.  When it became clear to his daughter that

defendant was not going to be released from police custody, she telephoned a relative and made arrangements to be picked up at the police station.  The daughter, however, did not wait at the police station to be picked up.  Instead, she left on her own and was later observed at the scene of the crime.  The daughter's return to the crime scene under those circumstances gives rise to a "permissible inference[]" that could have led the jury to conclude that she may have known where the wallet was located and that she may have put it in that location (*Bleakley*, 69 NY2d at 495).

Contrary to defendant's contention, we conclude that the circumstantial evidence, when viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), is legally sufficient to establish that defendant committed the robbery while aided by his daughter (*see generally Bleakley*, 69 NY2d at 495).  Because no one else was in the vicinity when the robbery occurred, it was either defendant or his daughter who took the victim's wallet.  If defendant did not take the wallet, as he repeatedly stated to the police, it follows that his daughter must have taken it.  That conclusion is supported by the fact that defendant's daughter was seen running from the fallen victim with defendant and then returned to the crime scene later that night even though she had made arrangements to be picked up at the police station by a relative.  We further conclude that, although a different verdict would not have been unreasonable, it cannot be said that the jury failed to give the evidence the weight it should be accorded (*see People v Sterina*, 108 AD3d 1088, 1090; *People v Mobley*, 49 AD3d 1343, 1345, *lv denied* 11 NY3d 791; *see generally Bleakley*, 69 NY2d at 495).

We have reviewed defendant's remaining contentions and conclude that they lack merit.

Entered:  September 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court