*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 10, 2014                    104980
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

WADE McCOMMONS,
                        Appellant.
_____


Calendar Date:  May 29, 2014

Before:  Peters, P.J., Rose, Egan Jr., Lynch and Devine, JJ.

                    _____


        Robert A. Regan, Glens Falls, for appellant.

        Robert M. Carney, District Attorney, Schenectady (Gerald A.
Dwyer of counsel), for respondent.

                    _____


Rose, J.

        Appeal from a judgment of the County Court of Schenectady
County (Drago, J.), rendered December 20, 2011, convicting
defendant upon his plea of guilty of the crime of attempted
assault in the second degree.

        After an incident at the Schenectady County Jail, defendant
was charged with assault in the second degree (two counts) and
obstructing governmental administration in the second degree.
County Court denied his motion to dismiss the indictment and he
then pleaded guilty to attempted assault in the second degree in
satisfaction of all charges.  Defendant now appeals, arguing that
his motion to dismiss the indictment should have been granted
based on his claim that the People violated CPL 190.50 (6) by
failing to inform the grand jury of his request that certain

witnesses be called.

By his plea of guilty, defendant forfeited this argument. "As a rule, a defendant who in open court admits guilt of an offense charged may not later seek review of claims relating to the deprivation of rights that took place before the plea was entered" (People v Hansen, 95 NY2d 227, 230 [2000] [citations omitted]; accord People v Trombley, 91 AD3d 1197, 1201 [2012], lv denied 21 NY3d 914 [2013]).  As relevant here, a claim "that the District Attorney did not inform the grand jury of defendant's request to call witnesses to testify on his behalf as required by CPL 190.50 (6) . . . does not activate a question of jurisdiction or constitute a constitutional defect and, thus, does not survive a guilty plea" (People v Moore, 306 AD2d 625, 625 [2003] [internal quotation marks and citations omitted]; see People v Robertson, 279 AD2d 711, 712 [2001], lv denied 96 NY2d 805 [2001]).[1]

Peters, P.J., Egan Jr., Lynch and Devine, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:



Robert D. Mayberger
Clerk of the Court

---

[1]  We decline to follow the Fourth Department's holding to the contrary in People v Rigby (105 AD3d 1383, 1383 [2013], lv denied 21 NY3d 1019 [2013]).  That decision relies upon People v Hill (5 NY3d 772, 773 [2005]), which involved a dismissal of the indictment prior to a guilty plea or trial based not on the failure to inform the grand jury of the defendant's requested witnesses, but on the prosecutor's "inaccurate and misleading answer to the grand jury's legitimate inquiry" concerning the witnesses requested by the defendant.