# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**28**
**KA 13-01961**

PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

HAROLD R. HUNT, JR., ALSO KNOWN AS ROB HUNT,
DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NICHOLAS P. DIFONZO OF COUNSEL), FOR DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY (KELLY M. BALCOM OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cattaraugus County Court (Ronald D. Ploetz, J.), rendered September 9, 2013. The judgment convicted defendant, upon his plea of guilty, of criminal sexual act in the first degree, incest in the first degree and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of, inter alia, criminal sexual act in the first degree (Penal Law § 130.50 [4]), defendant contends that the waiver of the right to appeal is not valid and challenges the severity of the sentence. We agree with defendant that the waiver of the right to appeal is invalid because the perfunctory inquiry made by County Court was "insufficient to establish that the court 'engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (*People v Brown*, 296 AD2d 860, 860, *lv denied* 98 NY2d 767; *see People v Hamilton*, 49 AD3d 1163, 1164). Indeed, on this record we cannot determine "whether the court ensured 'that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty' " (*People v Johnson*, 109 AD3d 1191, 1191, *lv denied* 22 NY3d 997). We nevertheless conclude that the sentence is not unduly harsh or severe.

Entered: February 6, 2015                          Frances E. Cafarell
                                                   Clerk of the Court