# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**342**

**KA 13-00722**

PRESENT: SCUDDER, P.J., SMITH, CARNI, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                         MEMORANDUM AND ORDER

FLOYD GASTON, DEFENDANT-APPELLANT.

---

THE GLENNON LAW FIRM, P.C., ROCHESTER (PETER J. GLENNON OF COUNSEL), FOR DEFENDANT-APPELLANT.

JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (KATHERINE BOGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered April 1, 2013. The judgment convicted defendant, upon his plea of guilty, of attempted assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted assault in the second degree (*see* Penal Law §§ 110.00, 120.05 [7]). Defendant failed to move to withdraw his plea or to vacate the judgment of conviction and thus failed to preserve his challenge to the factual sufficiency of the plea allocution (*see People v Lopez*, 71 NY2d 662, 665). After defendant made statements at the plea proceeding casting doubt upon his guilt, County Court did not accept the plea until it inquired further into defendant's possible justification defense. "Thus, the court fulfilled its duty to make further inquiry to ensure that defendant's plea was knowingly, voluntarily and intelligently entered . . . , and this case does not come within the narrow exception to the preservation requirement" (*People v Simmons*, 294 AD2d 928, 929, *lv denied* 98 NY2d 702; *see People v Castanea*, 265 AD2d 906, 906-907). Defendant's contention that he was denied effective assistance of counsel does not survive the plea because defendant "failed to demonstrate that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [his] attorney['s] allegedly poor performance" (*People v Gleen*, 73 AD3d 1443, 1444, *lv denied* 15 NY3d 773 [internal quotation marks omitted]). Defendant further contends that the indictment should be dismissed because he appeared before the grand jury in shackles and handcuffs. While that contention survives the guilty plea, defendant abandoned it by pleading guilty before the court decided that part of his motion seeking to dismiss the indictment on

that ground (*see People v Williams*, 90 AD3d 1514, 1515, *lv denied* 18 NY3d 999).  Finally, the sentence is not unduly harsh or severe.

Entered:  March 20, 2015                          Frances E. Cafarell
                                                  Clerk of the Court