# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1371

KA 14-00380

PRESENT: SCUDDER, P.J., CENTRA, CARNI, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

HENRY S. SPENCER, IV, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY (AMBER L. KERLING OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cattaraugus County Court (Ronald D. Ploetz, J.), rendered January 13, 2014. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Cattaraugus County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment of conviction convicting him upon his plea of guilty of two counts of burglary in the third degree (Penal Law § 140.20), defendant contends that his waiver of the right to appeal is not valid, and he challenges the severity of his sentence. We agree with defendant that his waiver of the right to appeal is invalid "inasmuch as the minimal perfunctory inquiry made by County Court was insufficient to 'establish that [he] understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty' " (*People v Finch*, 120 AD3d 1524, 1525, quoting *People v Lopez*, 6 NY3d 248, 256; *see People v Hunt*, 125 AD3d 1275, 1276). We nevertheless conclude that the sentence is not unduly harsh or severe.

We agree with defendant, however, that the court erred in enhancing his sentence by imposing restitution without affording him the opportunity to withdraw his plea, inasmuch as restitution was not a part of the plea agreement (*see People v Pickett*, 90 AD3d 1526, 1527). Even assuming, arguendo, that defendant executed a valid waiver of the right to appeal, defendant's challenge to the imposition of restitution would not be encompassed by the waiver inasmuch as restitution was not included in the terms of the plea agreement (*see People v Tessitore*, 101 AD3d 1621, 1622, *lv denied* 20 NY3d 1104).

Although defendant did not object to the imposition of restitution at sentencing and thus failed to preserve that contention for our review (*see Pickett*, 90 AD3d at 1527), we nevertheless exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 460.15 [3] [c]).  We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court to impose the promised sentence or to afford defendant the opportunity to withdraw his plea (*see People v Wilson*, 125 AD3d 1303, 1303-1304; *Pickett*, 90 AD3d at 1527).

Entered:  December 31, 2015                    Frances E. Cafarell
                                               Clerk of the Court