# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

2
KA 12-01359
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

RUSLAN KONOVALCHUK, DEFENDANT-APPELLANT.

---

THE GLENNON LAW FIRM, P.C., ROCHESTER (PETER J. GLENNON OF COUNSEL),
FOR DEFENDANT-APPELLANT.

RUSLAN KONOVALCHUK, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (STEPHEN X. O'BRIEN OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered May 23, 2012. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree (three counts) and robbery in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of three counts of robbery in the second degree (Penal Law § 160.10 [2] [b]) and one count of robbery in the third degree (§ 160.05). Defendant contends that Supreme Court, in sentencing him, improperly penalized him for exercising his right to a jury trial. We reject that contention. " '[T]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to trial' " (*People v Chappelle*, 14 AD3d 728, 729, *lv denied* 5 NY3d 786; *see People v Murphy*, 68 AD3d 1730, 1731, *lv denied* 14 NY3d 843). Indeed, " '[g]iven that the *quid pro quo* of the bargaining process will almost necessarily involve offers to moderate sentences that ordinarily would be greater, it is also to be anticipated that sentences handed out after trial may be more severe than those proposed in connection with a plea' " (*People v Martinez*, 26 NY3d 196, 200). We conclude that "the record shows no retaliation or vindictiveness against the defendant for electing to proceed to trial" (*People v Shaw*, 124 AD2d 686, 686, *lv denied* 69 NY2d 750; *see People v Brown*, 67 AD3d 1427, 1427-1428, *lv denied* 14 NY3d 839). The sentence is not unduly harsh or severe.

We reject the contention of defendant in his pro se supplemental

brief that he was deprived of his right to counsel when the court summarily denied his request for new counsel without conducting any inquiry or giving him an opportunity to state the grounds for the motion.  A defendant may be entitled to new assigned counsel "upon showing 'good cause for a substitution,' such as a conflict of interest or other irreconcilable conflict with counsel" (*People v Sides*, 75 NY2d 822, 824).  In determining whether good cause exists to substitute counsel, the court should consider "the timing of the defendant's request, its effect on the progress of the case and whether present counsel will likely provide the defendant with meaningful assistance" (*People v Linares*, 2 NY3d 507, 510).  Where a defendant makes a "seemingly serious request[]" for new assigned counsel, the court is obligated to "make some minimal inquiry" (*Sides*, 75 NY2d at 824-825; *see People v Porto*, 16 NY3d 93, 99-100).  Here, despite the court's initial interruption of defendant while he was stating the reasons for his request for new counsel, defendant thereafter made additional statements, and we conclude that the record establishes that defendant was able to set forth his contention that he was requesting new counsel because his counsel was ineffective. Inasmuch as those stated grounds were wholly without merit, there was no reason for the court to conduct any further inquiry.  Defendant made no "specific factual allegations that would indicate a serious conflict with counsel" (*Porto*, 16 NY3d at 100-101) and, indeed, it appeared that the motion was merely a delaying tactic (*see People v Woods*, 110 AD3d 748, 748, *lv denied* 23 NY3d 969).

Contrary to defendant's further contention in his pro se supplemental brief, viewing the evidence in light of the elements of the crime of robbery in the second degree (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict with respect to those robbery counts is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  Although a different verdict would not have been unreasonable, it cannot be said that the jurors failed to give the evidence the weight it should be accorded (*see People v Ettleman*, 109 AD3d 1126, 1128, *lv denied* 22 NY3d 1198).

We reject defendant's remaining contention in his pro se supplemental brief that he received ineffective assistance of counsel. With respect to counsel's failure to object to the court's statement to the prospective jurors at the start of jury selection that defendant was in custody, the record shows that the court immediately followed that statement with an instruction that the prospective jurors were not to hold it against defendant that he was in custody, and the prospective jurors agreed that they would not.  In light of that essentially sua sponte curative instruction, we conclude that any objection by defense counsel would have been redundant.  With respect to counsel's failure to move to reopen the probable cause hearing after hearing certain testimony at trial, we conclude that such a motion would have been without merit because the trial testimony would not have changed the probable cause determination.  It is well settled that "[t]here can be no denial of effective assistance of trial counsel arising from counsel's failure to 'make a motion or argument that has little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152, quoting *People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3

NY3d 702; *see People v Simmons*, 133 AD3d 1275, 1278, *lv denied* 27 NY3d 1006).

Lastly, defendant contends that counsel was ineffective in failing to seek a ruling from the court on that part of defendant's omnibus motion seeking dismissal of the indictment alleging that the grand jury proceedings were defective on the ground that the prosecutor failed to notify the grand jury of defendant's request pursuant to CPL 190.50 (6) to call certain witnesses (*see generally People v Hill*, 5 NY3d 772, 773; *People v Rigby*, 105 AD3d 1383, 1383-1384, *lv denied* 21 NY3d 1019).  Defendant failed, however, to provide a sufficient record to enable this Court to review his contention (*see People v Hawkins*, 113 AD3d 1123, 1125, *lv denied* 22 NY3d 1156).

Entered:  March 24, 2017                    Frances E. Cafarell
                                           Clerk of the Court