People v Rowe (2018 NY Slip Op 00955)





People v Rowe


2018 NY Slip Op 00955


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


4 KA 14-01171

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KAVIN L. ROWE, DEFENDANT-APPELLANT. 






WILLIAM G. PIXLEY, PITTSFORD, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered March 31, 2014. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of robbery in the first degree (Penal Law
§ 160.15 [4]). As part of the plea bargain, defendant retained his right to appeal. Before he was sentenced, defendant moved to withdraw his plea on the ground that, by pleading guilty, he had ostensibly forfeited certain appellate challenges he wanted to make regarding the integrity of the underlying grand jury proceedings and the prosecutor's duty of fair dealing in connection therewith (hereafter, grand jury claims). Supreme Court told defendant that his grand jury claims were "subject to appeal." Defendant, reiterating that he had not waived his right to appeal, then abandoned his motion to withdraw the plea and proceeded to sentencing.
Defendant now contends that the court erred by incorrectly advising him that his grand jury claims were not forfeited by his guilty plea, and that this purportedly incorrect advice prompted him to abandon his motion to withdraw his plea. As a remedy, defendant seeks the vacatur of his plea. We reject defendant's contention and decline to vacate his plea, for the following three reasons.
First, contrary to defendant's contention, the court never advised him that his grand jury claims were not forfeited. Rather, the court merely stated that such claims were "subject to appeal." When considered in context of the whole exchange between the court and defendant, that statement meant only that defendant had not waived his right to present his grand jury claims to the appellate courts. The court was not guaranteeing defendant that his grand jury claims would be reviewable on the merits. Inasmuch as defendant did not waive his right to appeal, it was not inaccurate for the court to state that his grand jury claims were "subject to appeal."
Second, even assuming, arguendo, that the court had assured defendant that his grand jury claims were not forfeited by his guilty plea, we note that such a statement would not have been legally incorrect. Although certain grand jury-related contentions are forfeited by a guilty plea, such as the sufficiency of the evidence underlying an indictment, the particular contentions that defendant mentioned in connection with his motion to withdraw his plea implicated the integrity of the grand jury proceedings and the People's duty of fair dealing in the course thereof, and it is well established that those types of grand jury-related claims are not forfeited by a guilty plea (see People v Wilkins, 68 NY2d 269, 277 n 7 [1986]; People v Pelchat, 62 NY2d 97, 104-105 [1984]; People v Washington, 82 AD3d 1675, 1676 [4th Dept 2011]; People v Gilmore, 12 AD3d 1155, 1155-1156 [4th Dept 2004]; see generally People v Hansen, 95 NY2d 227, 230-231 [2000]). We therefore conclude that the court did not mislead defendant.
Third and finally, the court's purported misadvice occurred after defendant had already entered his plea and thus could not, by definition, have induced him to plead guilty. Nothing that defendant was told after his plea, erroneous or otherwise, could have infected or influenced his prior decision to plead guilty (see People v Moissett, 76 NY2d 909, 912 [1990]; People v McKeon, 78 AD3d 1617, 1617 [4th Dept 2010], lv denied 16 NY3d 799 [2011]). Therefore, even assuming, arguendo, that the court misled defendant by stating that his grand jury claims were "subject to appeal," he would not be entitled to the remedy that he now seeks, namely, the vacatur of his guilty plea. "Significantly, defendant does not contend that the plea itself was not voluntary, knowing and intelligent" (Moissett, 76 NY2d at 910; cf. People v Colon, 151 AD3d 1915, 1918-1919 [4th Dept 2017]).
In light of the foregoing, we affirm the judgment.
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court