People v Richardson (2019 NY Slip Op 05310)





People v Richardson


2019 NY Slip Op 05310


Decided on June 28, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


1470 KA 15-00039

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ADAM L. RICHARDSON, DEFENDANT-APPELLANT. 






BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (James J. Piampiano, J.), rendered August 7, 2014. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree, burglary in the first degree (two counts) and assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating that part of the sentence awarding restitution and as modified the judgment is affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of, inter alia, robbery in the first degree (Penal Law § 160.15 [3]), defendant contends that he was deprived of his state constitutional right to counsel in connection with his decision to testify before the grand jury. Although defendant's deprivation of counsel contention is not forfeited by his guilty plea (see People v Griffin, 20 NY3d 626, 630-632 [2013]; People v Smith, 143 AD3d 31, 34 [1st Dept 2016], mod on other grounds 30 NY3d 626 [2017]; People v Chappelle, 121 AD3d 1166, 1168 [3d Dept 2014], lv denied 24 NY3d 1118 [2015]), it is nevertheless encompassed by his general, unrestricted, and unchallenged waiver of his right to appeal (see People v Vanvleet, 126 AD3d 1359, 1360 [4th Dept 2015], lv denied 26 NY3d 1012 [2015]; see also People v Triplett, 149 AD3d 1592, 1592-1593 [4th Dept 2017], lv denied 29 NY3d 1095 [2017]; People v Whitfield, 52 AD3d 748, 748 [2d Dept 2008], lv denied 11 NY3d 858 [2008]; People v Segrue, 274 AD2d 671, 672 [3d Dept 2000], lv denied 95 NY2d 908 [2000]). Notably, unlike in People v Robbins (33 AD3d 1127, 1128 [3d Dept 2006]), defendant does not assert that the alleged deprivation of his right to counsel infected the plea bargaining process or otherwise tainted the voluntariness of his guilty plea (see Whitfield, 52 AD3d at 748; People v Wolmart, 5 AD3d 706, 707 [2d Dept 2004], lv denied 4 NY3d 750 [2004]).
We decline to follow the Third Department's determination in People v Trapani (162 AD3d 1121, 1122 [3d Dept 2018]) that a deprivation of counsel contention survives a valid waiver of the right to appeal irrespective of whether the alleged deprivation infected the defendant's guilty plea.
Defendant's further contention that County Court erred in ordering him to pay restitution because restitution was not part of the plea agreement survives both his guilty plea and his unchallenged waiver of the right to appeal (see People v Spencer, 134 AD3d 1553, 1554 [4th Dept 2015]). Moreover, contrary to the People's contention, defendant preserved his contention for appellate review by objecting to the imposition of restitution on the same ground he now advances (see People v Gilmore, 12 AD3d 1155, 1156 [4th Dept 2004]). On the merits, it is undisputed that the plea bargain did not include restitution, and the court therefore erred in awarding restitution without affording defendant the opportunity to withdraw his plea (see People v Pett, 74 AD3d 1891, 1892 [4th Dept 2010]; People v Hunter, 72 AD3d 1536, 1536 [4th Dept 2010]; Gilmore, 12 AD3d at 1156). Therefore, as the People now request, we modify the judgment by vacating that part of the sentence awarding restitution (see People v Annunziata, [*2]105 AD2d 709, 709 [2d Dept 1984]; see also People v Feher, 165 AD3d 1610, 1611 [4th Dept 2018], lv denied 32 NY3d 1171 [2019]).
Finally, we note that the uniform sentence and commitment form incorrectly indicates that defendant was sentenced to a definite term of incarceration, and it must be amended to reflect the court's imposition of a determinate term of imprisonment. The uniform sentence and commitment form must also be amended to clarify that the sentence imposed on count one of the indictment runs concurrently with the sentences imposed on the remaining counts thereof (see People v Hoke, 167 AD3d 1549, 1550 [4th Dept 2018], lv denied 33 NY3d 949 [2019]).
Entered: June 28, 2019
Mark W. Bennett
Clerk of the Court